1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

_____
)
PATRICK OBENCHAIN, as guardian ad   )
litem for Conan Obenchain,              )
                            )
         Plaintiff,         )
                            )
      vs.                 )
                            )
REGIONAL TRANSPORTATION      )
COMMISSION OF SOUTHERN NEVADA )
et al.,                          )
                            )
         Defendants.    )
_____)

Case No.:  2:14-CV-00807-RCJ-VCF

**ORDER**

This case arises out of a drunken driving incident in which a child was severely injured while waiting at a bus stop.  Pending before the Court are a Motion to Dismiss (ECF No. 9), a Motion to Remand (ECF No. 23), and a Motion to Stay (ECF No. 29).  For the reasons given herein, the Court grants the motion to dismiss in part, grants the motion to remand in part, and denies the motion to stay as moot.

## I.   FACTS AND PROCEDURAL HISTORY

On February 5, 2012, Defendant Lynn Noel Lardeo struck Conan Obenchain with her car when she (while intoxicated) jumped the curb near a bus stop at which Obenchain was waiting, causing him severe injuries. (Compl. ¶¶ 16–21, June 21, 2014, ECF No. 1).  Plaintiff Patrick Obenchain, as guardian ad litem for Conan Obenchain, has sued Lardeo and seven other Defendants in this Court for: (1), (5) negligence; (2) strict liability; (3) violation of the Due

Process Clause pursuant to 42 U.S.C. § 1983; and (4) violation of the Equal Protection Clause pursuant to 42 U.S.C. § 1983. Defendant Regional Transportation Commission of Clark County ("RTC") has moved to dismiss for failure to state a claim. Defendant Clark County has joined the motion. Two private Defendants have also joined the motion, but the Court perceives the motion to be directed only to the § 1983 claims—the only claims brought against RTC and the County—a claim to which the private Defendants are not amenable.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

1  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

2  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

3  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

4  2001).

5  **III.    ANALYSIS**

6          Plaintiff argues that the Court has no subject matter jurisdiction because the federal

7  claims are not "pivotal" to the matter.[1]  But that is not the standard.  A single federal claim

8  having the violation of a federal constitutional right as an element gives rise to jurisdiction under

9  28 U.S.C. § 1331. *See Standage Ventures, Inc. v. Arizona*, 499 F.2d 248, 249 (9th Cir. 1974).

10  Plaintiff's third and fourth claims for substantive due process and equal protection violations,

11  respectively, each contain as essential elements the determination of federal constitutional rights

12  under the Fourteenth Amendment. (*See* Compl. ¶¶ 78, 85).  Even in the absence of § 1331, there

13  would be federal jurisdiction here to hear the § 1983 claims. *See* 28 U.S.C. § 1343.  The Court

14  will therefore not remand for lack of subject matter jurisdiction.

15          However, the Court dismisses the federal claims for failure to state a claim, without leave

16  to amend, and will decline jurisdiction over the state law claims under § 1367(c), remanding

17  them for that reason.  Clark County's and RTC's use and placement of bus shelters on the side of

18  the road does not "shock the conscience." *See, e.g.*, *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th

19  Cir. 2008).  Even assuming Defendants had been aware of past crashes into bus stops, mere

20  recklessness (assuming similar past incidents) does not satisfy the very high standard required to

21  sustain a substantive due process claim, which must allege something very close to intent, and in

22  some cases actual intent. *See, e.g.*, *Atkins v. Davison*, 687 F.Supp.2d 964, 996 n.23 (C.D. Cal.

23  ──────────────

24  1 There appears to be no dispute that there is no diversity jurisdiction.

2009) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998) (noting that the core of the substantive due process right is the right against arbitrary state action such as via "the exercise of power without any reasonable justification in the service of a legitimate governmental objective")). Nothing like intent is alleged here, and the Complaint makes clear that, at most, recklessness is alleged.

Providing transportation services by the use of bus stops accessible by both sidewalk-bound pedestrians and road-bound buses is a legitimate state objective. And there is a reasonable justification for not providing special barriers at bus stops, even if providing them would increase the safety of those waiting at bus stops. For as long as there have been buses, municipalities have been establishing roadside bus stops with no special barriers between benches and roads, and for just as long impaired drivers have been jumping curbs, whether there is any bus stop nearby or not. Injuries resulting from drunken driving are unfortunate, but it cannot be said that the failure of a city to provide special barriers at its bus stops "shocks the conscience." If it did, a municipality would be constitutionally liable not only for failing to provide special barriers at bus stops, but also for failing to place them everywhere a sidewalk meets a street, and in fact everywhere any street runs, because people are known to walk along the sides of streets, and impaired or inattentive drivers are known to jump curbs and strike pedestrians at any location, not just at bus stops. Indeed, a municipality would have to provide ground-retractable barriers at crosswalks, as well, to avoid substantive due process claims by persons struck while legally crossing the street, who might claim that the city's failure to provide ground-retractable barriers shocks the conscience in light of the fact of past incidents of pedestrians being struck in crosswalks—a type of accident likely much more common than persons being struck at bus stops. There would also be liability for failure to erect barriers

between automobile lanes and bicycle lanes.  Reasonable people may disagree whether the failure to erect vehicle-proof barriers between streets and sidewalks constitutes negligence on the part of a municipality, but that is a matter of negligence under state law.  It cannot be said to be "shocking" that a city would choose not to spend its scarce resources in that way.

As to the equal protection claim, Plaintiff does not fall within a discrete class of persons for the purposes of the Equal Protection Clause.  The putative class identified is persons who use bus stops in the relevant jurisdiction.  But every member of society is potentially such a person. And even assuming the class is discrete, Plaintiff does not and cannot identify any other class within a common category that was treated differently.  Plaintiff does not allege that RTC or the County operates another bus system that is the same in all other respects but that the other system has barriers that the first does not.

The Court therefore dismisses the claims under § 1983 on the merits and remands the remainder of the case to the state court.  The Court need not examine the qualified and discretionary immunity issues.  The motion to stay discovery pending a ruling on the other motions is denied as moot.

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 9) is GRANTED IN PART. The due process and equal protection claims are DISMISSED.

IT IS FURTHER ORDERED that the Motion to Remand (ECF No. 23) is GRANTED IN PART. The Clerk shall remand the remainder of the case to the Eighth Judicial District Court and close the case in this Court.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 29) is DENIED as moot.

IT IS SO ORDERED.

Dated this 23rd day of July, 2014.

_____
ROBERT C. JONES
United States District Judge